IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| VENTECH ENGINEERS LP, *et al.*, ) | |
| ) | Case No. 17-33203 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| _____ ) | |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE ) | |
| FOR THE ESTATE OF VENTECH ENGINEERS ) | |
| INTERNATIONAL, LLC, ) | |
| ) | Adversary Proceeding No. 19-03486 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TRI-COUNTY PROTECTION & ) | |
| INVESTIGATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S ANSWER TO TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS**

Tri-County Protection & Investigations, LLC (the "Defendant"), through its undersigned counsel, files the following Answer to Trustee's Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint"), averring as follows:

**Jurisdiction And Venue**

1. The averments in paragraph 1 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 1 are denied.

2. The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

3. The averments in paragraph 3 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 3 are denied.

4. The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied.

5. The averments in paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 5 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

6. The averments in paragraph 6 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 6 are denied.

7. The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

8. The averments in paragraph 8 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 8 are denied.

**Parties**

9. The averments in paragraph 9 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 9 are denied.

10. The averments in paragraph 10 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 10 are denied.

**Factual Background**

11. The averments in paragraph 11 are admitted.

12. The averments in paragraph 12 are admitted.

13. The Defendant is without sufficient information to admit or deny the averments in paragraph 13. To the extent a response is required, the averments in paragraph 13 are denied.

14. The Defendant is without sufficient information to admit or deny the averments in paragraph 14. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 19 are denied.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 20 are denied.

**Count One**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. The averments in paragraph 22 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 22 are denied.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

24. The averments in paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 24 are denied.

25. The averments in paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 25 are denied.

26. The averments in paragraph 26 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 26 are denied.

27. The averments in paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 27 are denied.

28. The averments in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 28 are denied.

29. The averments in paragraph 29 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 29 are denied.

30. The averments in paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 30 are denied.

## COUNT TWO
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. The averments in paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 32 are denied.

33. The averments in paragraph 33 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 33 are denied.

34. The averments in paragraph 34 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 34 are denied.

## COUNT THREE
### (Disallowance of Defendant's Claim Pursuant to 11 U.S.C. §502(d))

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. The averments in paragraph 36 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 36 are denied.

37. The averments in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 37 are denied.

38. The averments in paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 38 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. Plaintiff fails to state a claim upon which relief can be granted.

41. All elements of a *prima facie* case under §§ 547(b), 550 and 502(d) are not met.

42. At all relevant times, the Debtors were solvent.

43. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

44. To the extent established in discovery, and assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) are present, the Defendant has a right of setoff under 11 U.S.C. § 553.

45. To the extent established in discovery, the Plaintiff's claims are subject to recoupment.

46. The Debtors received reasonably equivalent value for any payments made to the Defendant.

[**This space intentionally left blank**]

-6-

                                  Respectfully submitted,

                                  LEECH TISHMAN FUSCALDO &
                                  LAMPL, LLC

Dated: July 8, 2019                   By: */s/ Patrick W. Carothers*
                                                Patrick W. Carothers (PA I.D. No. 85721)
                                                Gregory W. Hauswirth (PA I.D. No. 307482)
                                                525 William Penn Place, 28th Floor
                                                Pittsburgh, PA  15219
                                                Telephone:  412.304.0153
                                                Facsimile:   412.227.5551
                                                pcarothers@leechtishman.com
                                                ghauswirth@leechtishman.com

                                                *Attorneys for Defendant,*
                                                *Tri-County Protection & Investigations, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| VENTECH ENGINEERS LP, *et al.*, ) | |
| ) | Case No. 17-33203 |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE ) | |
| FOR THE ESTATE OF VENTECH ENGINEERS ) | |
| INTERNATIONAL, LLC, ) | |
| ) | Adversary Proceeding No. 19-03486 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TRI-COUNTY PROTECTION & ) | |
| INVESTIGATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 8th day of July 2019, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Charles M. Rubio, Esq.
Brian Raymond Hogue, Esq.
DIAMOND McCARTHY LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, TX  77010
(*Counsel to Chapter 7 Trustee, Rodney D. Tow*)

*/s/ Patrick W. Carothers*

-7-