UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br> **VENTECH ENGINEERS LP et al.,** <br><br> Debtors,[1] | § § § § § | **Case No. 17-33203** <br><br> **Jointly Administered** |
| **RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH ENGINEERS INTERNATIONAL, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **Tri-County Protection & Investigations, LLC,** <br><br> Defendant. | § § § § § § § § § § § § § § § § | **Adversary No. 19 -03486** |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number phone and fax numbers, and email addresses.**

   A rule 26(f) conference was held telephonically on Monday, September 16, 2019 at 9:30 in the morning. Present on the call were Brian Hogue and Charles Rubio, on behalf of Plaintiff and Greg Hauswirth on behalf of defendant.

   Charles M. Rubio
   TBA No. 24083768
   crubio@diamondmccarthy.com

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

>Brian Raymond Hogue
>TBA No. 24094725
>bhogue@diamondmccarthy.com
>Two Houston Center
>909 Fannin, 37th Floor
>Houston, Texas 77010
>(713) 333-5100 Telephone
>(713) 333-5199 Facsimile
>*Counsel to Chapter 7 Trustee Rodney D. Tow*
>
>Gregory W. Hauswirth
>PA I.D. No. 307482
>ghauswirth@leechtishman.com
>525 William Penn Place, 28th Floor
>Pittsburgh, PA 15219
>412.304.0153 Telephone
>412.227.5551 Facsimile
>*Counsel to Defendant*

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   No related cases are pending.

3. **Briefly describe what this case is about.**

This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech XTL Oklahoma City LLC*, Case No. 17-33248 (Bankr. S.D. Tex. [Houston Div.]). This bankruptcy case is jointly administered under the bankruptcy case styled as *In re Ventech Engineers, L.P. et al.*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

Plaintiff seeks recovery of $32,152.83 as a preferential transfer under 11 U.S.C.§§ 547(b), 550. In addition, Plaintiff seeks the disallowance of claims under 11 U.S.C. § 502(d).

4. **Specify the allegation of federal jurisdiction.**

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, or relates to the Debtor's Chapter 7 case. This proceeding is "core." 28 U.S.C. § 157(b)(2). Under Federal Rule of Bankruptcy Procedure 7008, the Plaintiff / Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011). Venue is proper under 28 U.S.C. § 1409(a).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

2

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are warranted.**

None.

7. **List anticipated interventions.**

None.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures have not been exchanged. The parties agree to exchange initial disclosures by November 1, 2019.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all matters raised in Rule 26(f).**

       The below responses address the matters raised in Rule 26(f). The parties are aware of their obligation to preserve discoverable information and no issues of privilege appear at this time. Discovery need not proceed in phases, and the parties intend that discovery be completed within one year of a scheduling order.

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Plaintiff intends to send one set of interrogatories to the Defendant. Plaintiff anticipates sending those interrogatories before the end of the calendar year.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

       The parties have begun informal dialogue in this matter and Defendant intends to send one set of interrogatories to Plaintiff. Defendant anticipates sending those interrogatories by January 31, 2020.

    d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

      Plaintiff intends to take one deposition before the end of the calendar year.

  e. **Of whom and by when the defendant anticipates taking oral depositions.**

      Certain facts remain to be determined in this matter, and subject to developments in the discovery process, Defendant intends to take one deposition following receipt of Plaintiff's responses to Defendant's discovery requests.

  f.
      i. **Specify the date for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

          Plaintiff does not intend to designate an expert, but reserves its right to do so in response to any expert that Defendants designate.

      ii. **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

          Defendant may designate an expert in connection with Defendant's affirmative defenses following fact discovery in this matter.

  g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report).**

      Plaintiff does not expect to take any expert depositions, but reserves its right to do in response to Defendant's expert disclosures.

  h. **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B)(expert report)**

      Defendant may take expert depositions following fact discovery in this matter.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiff expects that discovery can be completed within one year of the entry of a scheduling order.

    Defendant agrees that discovery can be completed within one year of the entry of a scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    There remains a high likelihood of reaching an out of court settlement to this dispute.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Both parties have been actively engaged with their clients in negotiating an out-of-court resolution to this dispute. Currently, plaintiff is awaiting a counteroffer from defendant.

16. **From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties believe an out-of-court resolution will be reached without having to utilize any ADR procedures.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff consents to the entry of a final order by the bankruptcy judge.

    Defendant consents to the entry of a final order by the bankruptcy judge following a trial by jury in this matter.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made by Plaintiff. Defendant made a timely jury demand in its initial pleading.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties expect no more than a single 8-hour trial day will be necessary.

While certain facts are yet to be determined and discovery is ongoing, Defendant anticipates that no more than one to two 8-hour trial days before a jury will be necessary.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff filed a motion for default judgment prior to the answer. Also, defendant has pending motions to appear pro hac vice.

21. **List other pending motions.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed by the Order for Conference and Disclosure of Interested Persons, listing the date of the filing for the original and any amendments.**

Not applicable as the parties are unaware of a direction to do so under an Order for Conference and Disclosure of Interested Persons.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

> DIAMOND MCCARTHY LLP
> Charles M. Rubio
> TBA No. 24083768
> crubio@diamondmccarthy.com
> Brian Raymond Hogue
> TBA No. 24094725
> bhogue@diamondmccarthy.com
> Two Houston Center
> 909 Fannin, 37th Floor
> Houston, Texas 77010
> (713) 333-5100 Telephone
> (713) 333-5199 Facsimile
> *Counsel to Chapter 7 Trustee Rodney D. Tow*

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Patrick W. Carothers
PA I.D. No. 85721
Gregory W. Hauswirth
PA I.D. No. 307482
ghauswirth@leechtishman.com
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
412.304.0153 Telephone
412.227.5551 Facsimile
*Counsel to Defendant*

Dated: October 2, 1019

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
*Counsel to Chapter 7 Trustee Rodney D. Tow*